UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GEORGE ROLAND CAMPBELL,

                Petitioner,                    **MEMORANDUM & ORDER**

                                               12 CV 3798 (RJD)

-against-

UNITED STATES OF AMERICA,

                Respondent.

-----------------------------------------------------------x

DEARIE, United States District Judge:

Petitioner George Roland Campbell, proceeding pro se, moves for relief under 28 U.S.C. § 2255 to vacate the judgment of conviction entered against him under docket number 91 CR 1219 (DRH). A review of the Court's files makes clear that the present motion is Campbell's *third* application for section 2255 relief with respect to the *same* judgment of conviction and must therefore be transferred to the United States Court of Appeals for the Second Circuit.

The briefest of discussions is required, however, because in his third filing, Campbell acknowledges his two previous section 2255 applications, but asserts that his third application is nevertheless permissible because now he "is specifically challenging for the first time the 2003 'Amended Judgment' [p]ursuant to the U.S. Supreme Court [r]uling in Magwood v. Patterson, 561 U.S. __, 130 S. Ct. 2788 (2010)." Petition (ECF #1) at 17.[1] But Campbell entirely misapprehends that Supreme Court decision. In Magwood, the high Court held that where "there is a *new judgment intervening between . . . two habeas petitions*, an application challenging the resulting new judgment is not second or successive." Id., 130 S. Ct. at 2802 (emphasis added)

---

[1] Magwood applies to motions by federal prisoners under Section 2255. Johnson v. United States, 623 F.3d 41, 45 (2d Cir. 2010).

(internal citation and quotations omitted). Accord Johnson, 623 F.3d at 46 (Second Circuit affirms that Magwood considerations triggered "where a first habeas petition results in an amended judgment").

Magwood and Johnson do not authorize Campbell's third section 2255 motion because the 2003 "amended judgment" is *not* a "new judgment intervening between . . . two habeas petitions," Magwood, 130 S. Ct. at 2802 but instead, as Campbell well knows, an event that *preceded* his two prior section 2255 filings. As the record amply documents, (i) the initial judgment of conviction, which reflected a sentence totaling 155 years, was entered against Campbell on July 27, 2000; (ii) the amended judgment, which reduced the total sentence to 150 years upon a limited remand from the Second Circuit to correct technical calculation errors, was entered May 15, 2003[2]; (iii) Campbell filed his first section 2255 motion more than two years later, on September 14, 2005 (this Court's docket number 05 CV 442); and (iv) Campbell filed his second application, in the form of a motion seeking authorization to accept the papers as "second or successive," on October 4, 2011 (docket number 11 CV 4929). (The amended judgment did not disturb the initial judgment's order directing the Board of Prisons to release Campbell after he serves fifty years, in accordance with the terms of the extradition agreement between the United States and Costa Rica.)

Further, when filling in the blanks on the standardized 2255 forms, Campbell listed both the initial and amended judgments as the conviction from which he was seeking relief in his first

---

[2] The Second Circuit affirmed Campbell's conviction in United States v. Campbell, 300 F.3d 202 (2d Cir. 2002), cert. denied, 538 U.S. 1049, reh'g denied, 539 U.S. 971 (2003), but remanded the case for a limited resentencing. Campbell, 300 F.3d at 217.

2255 filing,[3] and listed the amended judgment (but not the initial judgment) as the relevant conviction in his second 2255 filing.[4]

In sum, Campbell's current 2255 motion is unquestionably "second or successive" within the meaning of the habeas statute because it is his third attempt to seek section 2255 relief with respect to the 2003 amended judgment. The Court therefore lacks jurisdiction to entertain the motion on the merits and must transfer it to the Second Circuit pursuant to 28 U.S.C. U.S.C. § 1631. Johnson, 623 F.3d at 43.

The Court reminds Campbell that he has had more than adequate notice that the bundle of claims he continues to re-assert are meritless. This Court denied Campbell's first 2255 application on the merits by Memorandum & Order dated March 31, 2009, *Campbell I*, (ECF # 29), and his ensuing motion for reconsideration of that denial by Memorandum and Order dated April 23, 2009, id., (ECF #31). Indeed, even in *Campbell I*, this Court remarked upon Campbell's "relentless repetition and recycling" of his claims and "misuse" of the section 2255 vehicle. *Campbell I* at 1-2.

Campbell then appealed the denial of his initial 2255 motion to the United States Court of Appeals for the Second Circuit, which dismissed the appeal by order dated October 7, 2009. The Circuit also denied Campbell's ensuing motion for rehearing and rehearing en banc by order issued as mandate dated November 6, 2009. Finally, by mandate issued January 23, 2012, the Circuit also denied Campbell's application for an order authorizing this Court to accept his second 2255 application. *Campbell II*, ECF # 13.

---

[3] See Campbell v. United States, 05-CV-4442 (RJD) ("*Campbell I*"), Motion (ECF #1) at p. 1 ("*2(a). Date of the judgment of conviction if you know*: July 10, 2000 and May 13, 2000" and "*3. Length of Sentence*: 155 years amended to 150 years").

[4] See Campbell v. United States, 11-CV-4929 (RJD) ("*Campbell II*"), Application for Leave to file a Second or Successive Motion (ECF #1) at p. 10 ("*2. Date of judgment of conviction*: "Imposed on April 15, 2003")

3

## CONCLUSION

The Clerk of the Court shall transfer the section 2255 motion that commenced this proceeding to the United States Court of Appeals for the Second Circuit pursuant to section 1631 of Title 28 of the United States Code and then close this case. Should Campbell prevail in the Second Circuit, he shall then move to reopen this proceeding under the docket number already assigned.

SO ORDERED.

Dated: Brooklyn, New York
August 28, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge